# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CRYSTAL HULLET,

    Plaintiff,

v.                                                             Case No. 6:22-cv-147-RBD-LRH

BIOPLUS SPECIALTY PHARMACY
SERVICES, LLC,

    Defendant.
_____

## **ORDER**

On review of the Complaint (Doc. 1) in this putative class action case, Plaintiff has failed to establish jurisdiction.

Federal courts have the "power to decide only certain types of cases." *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). For class actions brought on diversity grounds, courts must ensure that the amount in controversy is over $5 million and the parties are minimally diverse—meaning at least one member of the plaintiff class is a citizen of a different state than any defendant. 28 U.S.C. § 1332(d)(2).

Citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain; residence alone is not enough. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Taylor v. Appleton*, 30 F.3d

1365, 1367 (11th Cir. 1994). Citizenship of a limited liability company ("LLC") is determined by the identities and citizenship of each of its members. *See Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co.*, No. 6:17-cv-920, 2017 WL 8941180, at *1 (M.D. Fla. June 22, 2017).

Here, Plaintiff alleges that she is a resident of North Carolina. (Doc. 1, ¶ 8.) But residence alone is insufficient. *See Taylor*, 30 F.3d at 1367. Plaintiff must allege her or a class member's residence *and* their intent to remain there—often demonstrated by the homestead exemption, voter registration, occupational licenses, and the like—to establish the class's citizenship for the purposes of minimal diversity. *See Furnari v. Nuance Commc'ns, Inc.*, No. 6:11-cv-1119, 2011 WL 13298737, at *3 (M.D. Fla. Sept. 20, 2011); *Akkan v. Nationstar Mortg., LLC*, No. 1:16-cv-1999, 2016 WL 11260335, at *1 (N.D. Ga. Nov. 16, 2016), *adopted*, 2017 WL 382616 (Jan. 27, 2017).

As to Defendant BioPlus Specialty Pharmacy Services, LLC, Plaintiff alleges that on "information and belief" it has two "manager members" with Florida addresses and an "authorized" member, another LLC (BioPlus Parent, LLC), with an address in Rhode Island. (Doc. 1, ¶ 9.) But this allegation is insufficient in multiple respects. As stated above, for the individual members, residence does not equal domicile. And for BioPlus Parent, LLC, the entity's address is insufficient;

Plaintiff must also identify each of the LLC's members and their citizenship to establish the Defendant LLC's citizenship. *See Rolling Greens*, 374 F.3d at 1022. Further, "information and belief" is insufficient for all citizenship allegations. *See Diamond Resorts U.S. Collection Dev., LLC v. Sumday Vacations, LLC*, No. 6:19-cv-982, 2019 WL 10375473, at *1 (M.D. Fla. May 29, 2019). Without knowing each state in which Defendant is a citizen, the Court is unable to determine whether there is minimal diversity.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. By **Thursday, February 10, 2022**, Plaintiff may file an amended complaint correcting the deficiencies identified in this Order. Failure to timely file will result in this action being closed without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 27, 2022.



ROY B. DALTON JR.
United States District Judge